IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-474-BO

| | |
|---|---|
| MICHELE MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| SESSOMS & ROGERS, P.A., | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on defendant's motion for sanctions. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

Plaintiff filed this action against defendant alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the North Carolina Fair Debt Collection Practices Act (NC FDCPA). Summons were issued by the Court and service was effected on defendant. Counsel for defendant filed a notice of appearance and a financial disclosure statement and sought, with consent, an extension of time to file an answer or otherwise respond to the complaint. Defendant also served plaintiff with a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure. The extension of time was granted, and prior to the date defendant's answer was due, plaintiff voluntarily dismissed this action and this matter was closed. Plaintiff's voluntary dismissal was also filed within Rule 11's safe harbor provision, which provides that if the challenged claim or contention is withdrawn within twenty-one days of service of the motion,

the Rule 11 motion shall not be presented to the court. Fed. R. Civ. P. 11(c)(2).

Defendant now seeks sanctions against plaintiff, her counsel, and the law firm of Lember & Associates, LLC for filing a frivolous complaint containing false and defamatory statements about defendant. Defendant contends that this is not the first time that it has been forced to incur the needless time and expense of defending a cookie-cutter lawsuit brought by Lember & Associates and that the public record now contains factual falsehoods detrimental to defendant.

## DISCUSSION

The FDCPA and North Carolina law permit the Court to impose sanctions to deter improper conduct by plaintiffs and their attorneys. 15 U.S.C. § 1692k(a)(3) (a court may award reasonable attorney's fees and costs to defendant if it finds that an action was brought in bad faith); N.C. Gen. Stat. § 6-21.5 (a court may award reasonable attorney's fees to the prevailing party if it finds there was a complete absence of a justiciable issue of either law or fact). The Court may also impose sanctions against an attorney personally for certain actions, 28 U.S.C. § 1927 (an attorney who unreasonably and vexatiously multiplies proceedings may be required to pay costs and reasonable attorney's fees for such conduct), or against a plaintiff under its own inherent authority. The decision to impose sanctions is within the Court's discretion. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999).

The Court declines to impose sanctions against plaintiff or her counsel in this matter. While section 1692k(a)(3) does not specifically state that awards under that section shall only be awarded to a prevailing defendant, the Court is unaware of, nor has defendant cited to, a case in which such relief been granted to a defendant who is not in fact a prevailing party. *See e.g. Chaudhry*, 174 F.3d at 411 (affirming award of attorney's fees and costs after entry of judgment

2

as a matter of law in favor of defendant); *see also Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705-06 (9th Cir. 2010) ("Congress intended to condition an award of costs to a *prevailing* defendant upon a finding of bad faith and harassment on plaintiff's part.") (emphasis added); *Johnson v. Brock & Scott PLLC*, No. 5:11-CV-474, 2012 WL 4483916, *7 (E.D.N.C. September 27, 2012) (section 1692k(a)(3) provides relief to a defendant only if the defendant prevails) (listing cases). As plaintiff voluntarily dismissed this action under Rule 41 of the Federal Rules of Civil Procedure, no judgment has been entered in this matter and defendant is not the prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001) (A prevailing party is "one who has been awarded some relief by the court."); *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 318-19 (4th Cir. 2008). While the Court indeed retains jurisdiction to consider collateral issues such as sanctions or attorney's fees after a plaintiff has voluntarily dismissed an action, *see Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 385 (1990), in light of the foregoing the Court declines to award attorney's fees and costs to defendant under § 1692k(a)(3) under these circumstances.

In considering whether sanctions are appropriate under N.C. Gen. Stat. § 6-21.5, the Court must determine whether there was a complete absence of a justiciable issue of either law or fact raised by plaintiff. There is a complete absence of a justiciable issue where such issues are conclusively absent even when viewing the pleading in the light most favorable to the non-moving party and all inference are drawn in her favor. *Lincoln v. Bueche*, 166 N.C. App. 150, 154 (2004) (quotation omitted). Moreover, plaintiff must be found to have been reasonably aware that at the time of the filing of the complaint the pleading contained no justiciable issue or plaintiff must have persisted in the matter once she discovered that the pleading did not contain a

3

justiciable issue. *Brooks v. Giesey*, 334 N.C. 303, 309 (1993). Even if the Court were to hold that plaintiff's complaint contains no justiciable issues, the Court in its discretion finds that sanctions are not necessary as plaintiff promptly dismissed this action, prior to defendant's filing of a responsive pleading, once it became apparent that no justiciable issue was present. Accordingly, the Court declines to award attorney's fees and costs under N.C. Gen. Stat. § 6-21.5.

The Court next considers whether sanctions under 28 U.S.C. § 1927 are appropriate. The power to assess attorney's fees and costs against an attorney personally under § 1927 must be strictly construed. *See e.g. Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985). Moreover, sanctions under § 1927 are aimed at attorneys who multiply proceedings, and the Court must find bad faith on the part of the attorney to impose fees. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012) (quotations omitted). Any arguments by defendant as to the weakness of plaintiff's case are not encompassed by § 1927, *Id.*, nor does the short record in this matter reflect that plaintiff's counsel engaged in bad faith or that he unreasonably and vexatiously multiplied the proceedings. Accordingly, an award of fees and costs against plaintiff's counsel in this matter under 28 U.S.C. § 1927 is inappropriate.

Finally, the Court considers whether it would be appropriate to impose sanctions in this matter pursuant to its inherent authority upon a finding that plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Even if it appears that sanctions may be warranted, the Court must "exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50.

Defendant is correct to note that plaintiff's counsel has experience debt collection law, as a

4

review of this Court's docket reveals several debt collection cases in which plaintiff's counsel has appeared. Defendant is also correct to note that counsel's decision in this matter to fail to conduct a pre-filing inquiry, in light of the fact that counsel had been retained well before the date of the filing of the complaint, was neither reasonable nor prudent. Finally, defendant has correctly assessed the differences between the allegations in plaintiff's complaint and the allegations as cast by plaintiff's counsel in response to the instant motion. However, even in the face of such actions or failures to act, the Court does not find that plaintiff has in this matter acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Mindful of its duty to exercise caution, the Court declines to impose sanctions against plaintiff under its inherent authority, but reminds plaintiff and plaintiff's counsel of the duties imposed by Rule 11 of the Federal Rules of Civil Procedure and further admonishes them that any future failure to comply with Rule 11 or engagement in vexatious or bad faith litigation may result in sanctions.

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion for sanctions [DE 11] is DENIED.

SO ORDERED, this __14__ day of February, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE